```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
```

KRISHTIAN LOPEZ,

                    Plaintiff,

        -against-

THE CITY OF NEW YORK and Correction
Officer RICARDO MARTINEZ,

                 Defendants.

```
------------------------------------------------------------ X
```

SECOND AMENDED COMPLAINT

Jury Trial Demanded

15 CV 999 (JG)(RLM)

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution of the United States, the as well as the common law of the State of New York.

## JURISDICTION AND VENUE

2. This is a civil rights action for money damages brought pursuant to 42 U.S.C. §§ 1983, and 1988, the Fourteenth Amendments of the United States Constitution, and the common law of the State of New York, against defendants mentioned above and against the City of New York. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

3. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(a) (b) and (c).

## JURY DEMAND

4. Plaintiff demands a trial by jury in this action.

## PARTIES

5. Plaintiff at all times relevant hereto resided in the City and State of New York.

6. That at all times hereinafter mentioned, and upon information and belief, the defendant City of New York, was at all times relevant hereto, a municipal corporation duly organized and existing pursuant to the laws, statutes and charters of the State of New York.

7. The New York City Department of Correction was at all times relevant hereto, an agency of the defendant City of New York.

8. That at all times hereinafter mentioned, and on information and belief, the defendant Correctional Officer Ricardo Martinez, was at all times relevant hereto, an employee of the defendant City of New York, as a correctional officer employed by the New York City Department of Correction.

9. That at all times hereinafter mentioned, defendant Martinez, both personally and in his official representative capacity as a correctional officer employed by the defendants, The City of New York through its agency, the New York City Department of Correction. And that each and all of the acts of defendant Martinez, alleged herein, was done by the defendant Martinez

under cover and pretense of the statutes, ordinances, regulations, policies, customs, usages and laws of the City and State of New York.

10. That as a result of the foregoing, the defendant City of New York, is liable for the individual defendants' acts pursuant to the doctrine of "respondeat superior."

**Assault upon Plaintiff**

11. Plaintiff is a Hispanic male.

12. On or about August 31, 2014, at about 11pm, plaintiff was returning to his cell at OBCC, located in the 1 North area.

13. Plaintiff intended to turn in for the night.

14. Correction Officer RICARDO MARTINEZ escorting plaintiff became frustrated that plaintiff was taking too long to turn in for the night and punched plaintiff into the face with a tremendous amount of force with either his fist or some object contained therein.

15. Plaintiff "saw white" and immediately lost consciousness.

16. Plaintiff's jaw broke in two places as a result of this attack and plaintiff began bleeding from the mouth and experiencing substantial pain.

17. Plaintiff required emergency medical attention and surgical intervention to repair the damage to his face.

18. Surgeons inserted metal plates in plaintiff's face to reconstruct the plaintiff's face and plaintiff's mouth had to be wired shut.

19. Per plaintiff's doctors, additional surgeries may very well be necessary.

20. At no time did plaintiff assault or attempt to assault any officer, nor did he present a threat or perceived threat to the personal safety of any officer or to the security of the jail so as to warrant such violence.

21. Plaintiff did not provoke this attack nor did he conduct himself in any manner that would warrant any use of force, much less the excessive force actually used.

22. Officer Martinez acted sadistically and maliciously and demonstrated deliberate indifference toward plaintiff's rights and physical wellbeing.

23. All of the above was done in violation of state and federal law.

24. Officer Martinez employed unnecessary and unreasonable force against the plaintiff.

25. Officer Martinez acted maliciously and intentionally, and said acts are examples of gross misconduct.

26. As a direct and proximate result of the malicious and outrageous conduct of defendants set forth above, Plaintiff suffered injuries including but not limited to emotional trauma, harm and distress, mental anguish and serious physical injuries.

27. Plaintiff continues to suffer substantial pain due to the injuries he sustained.

28. The conduct of defendant Martinez in assaulting the plaintiff proximately caused serious physical and emotional injury, pain and suffering, mental anguish, humiliation and embarrassment.

29. The events described herein have left permanent emotional scars that plaintiff will carry with him for the remainder of his life.

30. After what appeared to be an eternity, plaintiff was taken to the infirmary on a gurney.

31. Plaintiff was unrecognizable, as his face appeared deformed and swollen.

32. Once at the prison infirmary, the prison doctor took a look at plaintiff and called 911.

33. Plaintiff was taken to Bellevue Hospital.

34. At the hospital, doctors took several x-rays of plaintiff's head, face, and confirmed the existence of several broken bones.

35. Plaintiff remained in the hospital for several days due to the injuries he sustained at the hands of these violent defendants.

36. After his return to Rikers Island, plaintiff's injuries were such that plaintiff needed continuous treatment.

37. On September 21, 2014, Plaintiff experienced severe bleeding from the mouth for 8 hours.

38. On a documented visit to CHS intake, plaintiff was taken by EMS and transported to Elmhurst Hospital emergency room due to the excessive bleeding from the mouth.

39. Again on September 24, 2014, plaintiff was bleeding from the mouth.

40. On a documented visit to CHS intake, plaintiff was taken by EMS and transported to Elmhurst Hospital emergency room due to the same excessive bleeding from the mouth.

41. In the ambulance, EMT records note that plaintiff was hot to the touch and possibly suffering from septic shock and respiratory distress.

42. After examination and blood work up at Elmhurst, plaintiff was noted as presenting with levels of blood loss approaching hemorrhagic levels but insufficient to warrant blood transfusion.

43. All of the above was done in violation of state and federal law.

44. As a direct and proximate result of the malicious and outrageous conduct of defendants set forth above, Plaintiff suffered injuries including but not limited to emotional trauma, harm and distress, mental anguish, serious physical injuries including two (2) facial fractures and more psychological injury and suffering, and permanent disfigurement.

45. The conduct of the defendant Martinez in assaulting the plaintiff and denying him medical attention directly and proximately caused serious physical and emotional injury, pain and suffering, mental anguish, humiliation and embarrassment.

46. Defendant Martinez intentionally used excessive force. He acted with reckless and wonton disregard for the rights, health, and safety of the plaintiff.

47. As a direct result of the acts alleged herein, the plaintiff has suffered serious physical injury and pain, severe mental pain and anguish, and severe emotional distress. All of the events complained of above have left permanent emotional scars that the plaintiff will carry with him for the remainder of his life.

## COUNT ONE
## Assault and Battery
## Against the City of New York

48. Plaintiff repeats and realleges each and every allegation above as if fully set forth herein.

49. Defendant Martinez assaulted and battered plaintiff.

50. Martinez was employed by the City of New York.

51. Martinez was acting within the scope of his employment at the time of the incident.

52. The City of New York, as Martinez's employer, is responsible for his actions in this incident.

53. As a direct and proximate result of this assault and battery, plaintiff suffered the damages herein alleged.

## COUNT TWO
## 42 U.S.C. § 1983
## Excessive Use of Force
## Against Correction Officer RICARDO MARTINEZ

54. The plaintiff incorporates by reference the factual allegations set forth above as if fully set forth herein.

55. Defendant Martinez used an excessive amount of force on plaintiff that was unjustified, unauthorized and not appropriate under the circumstances.

56. The conduct and actions of defendant Martinez, acting under color of law and under his authority as a New York City Department of CORRECTION officer, was done intentionally, maliciously, with a deliberate indifference and/or with a reckless

disregard for the natural and probable consequences of his acts, was done without lawful justification, and was designed to and did cause specific serious bodily harm, pain and suffering in violation of the plaintiff's Constitutional rights as guaranteed under 42 U.S.C. § 1983 and the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

57.   As a direct and proximate result of this misconduct and abuse of authority detailed above, plaintiff sustained the damages herein alleged.

### COUNT THREE
### Respondeat Superior Liability
### Against the City of New York

58.   The plaintiff repeats and realleges each and every allegation above as if fully set forth herein.

59.   The conduct of defendant Martinez occurred while he was on duty, under the color of law, in and during the course and scope of his official duties and functions as a duly sworn correction officer, and while he was acting as an agent and employee of the City of New York and the Department of Correction, and as a result the defendant City of New York is liable to the plaintiff pursuant to the doctrine of respondeat superior.

60.   As a direct and proximate result of this misconduct and abuse of authority detailed above, plaintiff sustained the damages herein alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.


DATED:   August 29, 2016
         Brooklyn, New York

_____
Afsaan Saleem, Esq.

The Rameau Law Firm
16 Court Street, Suite 2504
Brooklyn, NY 11241
(71) 852-4759
saleemlawny@gmail.com

*Attorney for plaintiff*