UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
KRISHTIAN LOPEZ,

                             Plaintiff,

          -against-                            **JOINT PRE-TRIAL ORDER**

THE CITY OF NEW YORK and Correction Officer    **15-CV-999 (AMD)(RLM)**
RICARDO MARTINEZ,

                             Defendants
------------------------------------------------------------X

1. **The full caption of the case (reflecting stipulations of the parties) is as stated below:**

KRISHTIAN LOPEZ,

                             Plaintiff,

                     -against-

Correction Officer RICARDO MARTINEZ,

                             Defendant.

2. **Parties and Counsel**

       Plaintiff's Trial Counsel
       Amy Rameau, Esq.
       Afsaan Saleem, Esq.

       The Rameau Law Firm
       16 Court Street
       Suite 2504
       Brooklyn, NY 11241
       Tel: (718) 852-4759
       Fax: (718) 875-5440
       amywmrameau@hotmail.com
       saleemlawny@gmail.com
       rameaulawny@gmail.com

Defendant's Trial Counsel
Zachary W. Carter
Corporation Counsel of the City of New York
New York City Law Department
100 Church Street
New York, NY 10007
*Attorneys for Correction Officer Ricardo Martinez*
By: Jeffrey Loperfido, Senior Counsel, and trial partner (to be assigned)
Tel: (212) 356-2384
Fax: (212) 356-3509
jloperfi@law.nyc.gov

3. **Jurisdiction**

This Court has subject matter jurisdiction on the basis that the lawsuit presents a federal question, namely plaintiff's rights under 42 U.S.C. 1983, the Constitution and the 4th, and 14th Amendments.

Defendant does not dispute this Court's jurisdiction, but objects to plaintiff's inclusion of the 4th Amendment as a basis for said jurisdiction, as the 4th Amendment is not alleged in the operative complaint as a basis for jurisdiction and venue.

4. **Claims and Defenses**
   a. Plaintiff's claims to be tried:

   1. Pursuant to 42 U.S.C. 1983, federal excessive force.

   b. Plaintiff's claims that were voluntarily withdrawn, with prejudice, and are not to be tried include:
   1. Assault and battery;
   2. Respondeat superior liability against City of New York;

   c. Defendant's defenses to be tried are as follows:

   1. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties, and was not the proximate result of any act of defendant Martinez.

   2. Defendant Martinez has not violated any rights, privileges or immunities under the Constitution or laws of the United State, nor has defendant Martinez violated any act of Congress providing for the protection of civil rights.

3. Defendant Martinez acted reasonably in the proper and lawful exercise of his discretion and did not violate any clearly established constitutional or statutory right of which a reasonable person would have known, and, therefore, is entitled to qualified immunity from liability.

4. Plaintiff failed to mitigate his alleged damages.

5. **Damages**
Plaintiff is claiming damages for physical, mental and emotional pain and suffering and will be seeking to recoup attorneys' fees if he prevails at trial.

6. **Jury or Bench Trial**
The case is to be tried before a jury. The parties anticipate needing 3-4 days for trial.

7. **Consent to Trial by a Magistrate Judge**
All parties have not consented to trial of the case by a Magistrate Judge.

8. **Stipulations**: None

9. **Witnesses** (all testimony will be in person, assuming the witness is available at the time of trial):

Plaintiff's Witness List (IN CHIEF)
1. Krishtian Lopez; will testify about the incident and any medical treatment;
2. Correction Officer Ricardo Martinez; will testify about the incident;
3. Captain Taina Diaz; will testify about her interactions with plaintiff, defendant Martinez and her investigation into the incident;
4. Correction Officer Steve Carpenter; will testify about his interaction with the plaintiff;
5. Correction Officer Tyshawn Edmonson, Shield 9726, OBCC, Rikers Island, expected to testify about his observations and interactions with plaintiff and/or any investigation;

ONE OR MORE OF THESE WITNESSES (BUT NOT ALL) WILL TESTIFY (depending on availability and knowledge)
6. Dr. Mohammad Kalam, Otis Bantum Correctional Center physician, is expected to testify as to his observations, diagnosis and treatment of plaintiff on or about September 1, 2014;
7. Dr. Carlos Meletiche, Rikers Island West Facility physician, is expected to testify as to his observations, diagnosis and treatment of plaintiff on or about September 2, 2014;

3

8. Dr. Vishal D. Thanik, Bellevue Hospital Center Attending physician, is expected to testify as to his observations, diagnosis and treatment of plaintiff from September 2, 2014 through, on or about September 12, 2014;

9. Dr. Ian Whiteside, Bellevue Hospital Center Plastic Surgeon, is expected to testify as to his observations, diagnosis and treatment of plaintiff from September 3, 2014 through, on or about September 12, 2014;

10. Dr. Yvonne Lui, Bellevue Hospital Center House radiologist, is expected to testify as to her observations, diagnosis and treatment of plaintiff on or about September 11, 2014;

11. Dr. Gil Grabov-Nardini, Bellevue Hospital Center House Attending Surgeon, is expected to testify as to his observations, diagnosis and treatment of plaintiff on or about September 11th and 12th, 2014.

12. Dr. William A. Pleasant, Elmhurst Hospital Center Emergency Room physician, is expected to testify as to his observations, diagnosis and treatment of plaintiff on or about September 21 and on or about September 24, 2014;

13. Dr. Aung Khine Oo, Rikers Island North Infirmary Command physician, is expected to testify as to her observations, diagnosis and treatment of plaintiff on or about September 21st and 22nd, 2014 and continuing thereafter;

14. Dr. David Weeks, Elmhurst Hospital Center radiologist, is expected to testify as to his observations, diagnosis and treatment of plaintiff on or about September 24, 2014;

15. Dr. Tahmina Sikder, Rikers Island North Infirmary Command physician, is expected to testify as to her observations, diagnosis and treatment of plaintiff on or about September 17th and 24th, 2014, October 1, 2014 and continuing thereafter;

16. Dr. Zulfiquar Bhuiyan, Rikers Island North Infirmary Command physician, is expected to testify as to his observations, diagnosis and treatment of plaintiff on or about September 12th, 15th, 17th, 18th, 19th, 23rd, 25th and 30th, 2014 and continuing thereafter;

17. Dr. Jamie Levine, Elmhurst Hospital Center Plastic Surgery attending physician, is expected to testify as to his observations, diagnosis and treatment of plaintiff on or about October 1, 2014.

ONE OR MORE OF THESE WITNESSES MAY TESTIFY:

18. Investigator Anthony Sewer, DOC Investigation Division; expected to testify to his investigation into the incident;

19. Supervisor Timothy Kozak; DOC Investigation Division; expected to testify as to the Investigation Division's investigation of the Incident;

20. Jennifer Sculco, Inspector General, City of New York, Department of Investigation; expected to testify as to DOI's investigation of the incident and review of DOC's investigation;[1]

---

[1] Defendant Martinez objects to any and all testimony or other evidence regarding the post-incident investigation conducted by DOC, DOI, or any other city agency on the grounds of

4

Defendant's Witness List[2]

1.  Correction Officer Ricardo Martinez[3] (in person); will testify about the alleged incident and his interaction with the plaintiff;

2.  Correction Officer Steve Carpenter (in person); will testify about his interaction with the plaintiff;

3.  Captain Taina Diaz (in person); will testify about her interaction with the plaintiff;

4.  Dr. Mohammad Kalam (in person), Otis Bantum Correctional Center physician, will testify as to his observations, diagnosis and treatment of plaintiff on or about September 1, 2014

5.  Dr. Carlos Meletiche (in person), Rikers Island West Facility physician, will testify as to his observations, diagnosis and treatment of plaintiff on or about September 2, 2014;

6.  Dr. Vishal D. Thanik (in person), Bellevue Hospital Center Attending physician, will testify as to his observations, diagnosis and treatment of plaintiff from September 2, 2014 through, on or about September 12, 2014.

10. **Deposition testimony**:

By Plaintiff (case in chief)

**C.O. Ricardo Martinez:**
Page 48, line 12-15
Page 48, line 25 to Page 49, line 9
Page 49, Line 20 to Page 51, line 4
Page 57, line 11-21
Page 61, line 11 to Page 62, line 2
Page 74, line 4-18
Page 77, line 9-23
Page 78, line 18 to Page 79, line 6
Page 84, line 5-8
Page 113, line 4-18
Page 113, line 11 to Page 114, line 15
Page 115, Line 14-18.

---

relevance and unfair prejudice, see FRE 402, 403. Defendants will move *in limine* to exclude all such evidence.

[2] Defendant Martinez reserves the right to call any witnesses listed by plaintiff and to supplement his witness list based on any *in limine* rulings or to rebut evidence adduced in plaintiff's case in chief or for impeachment.

[3] All addresses of defendant and NYC DOC witnesses are c/o defense counsel at Corporation Counsel of the City of New York, 100 Church Street, New York, New York 10007.

Page 115, line 24 to Page 117, line 15
Page 118, line 4-23
Page 122, line 6-14
Page 123, line 3-8
Page 125, line 16 to Page 126, line 16
Page 127, line 6-8
Page 127, line 22 to Page 128, line 6

By Defendant (case in chief)

Defendant does not intend on designating deposition testimony to be offered in its case in chief, except in the event any witness who has been deposed fails to appear for trial. If defendant suspects that any such individual will not appear for trial, defendant will promptly designate for the Court any deposition testimony or prior statements defendant will be seeking to introduce in lieu of live testimony. At this time, however, given that the only witnesses who have been deposed are plaintiff and defendant, defendant does not anticipate that deposition testimony in lieu of live testimony will be necessary.

Relatedly, defendant objects to the extent plaintiff seeks to introduce the deposition testimony listed above, except for impeachment based upon a proper foundation, on the grounds that there is no indication that Defendant C.O. Ricardo Martinez will not be present at trial to testify in person.

11. **Exhibits**:

Plaintiff's Exhibits

| Exhibit No. | Bates No. | Doc Name/Type | Use | Objection and Basis |
| --- | --- | --- | --- | --- |
| 1 | DE 1-204 | Plaintiff's Correctional Health Services medical records | Case in Chief | FRE 402 (relevance); FRE 403 (unfair prejudice, needless presentation of cumulative evidence); FRE 802 (hearsay). |
| 2 | DE 205-265 | Elmhurst Hospital medical records | Case in Chief | FRE 402 (relevance); FRE 403 (unfair prejudice, needless presentation of cumulative evidence); FRE 802 (hearsay); FRE 901 (authenticity). |

| | | | | |
|---|---|---|---|---|
| 3 | DE 266-281 | Bellevue Hospital medical records | Case in Chief | FRE 402 (relevance); FRE 403 (unfair prejudice, needless presentation of cumulative evidence); FRE 802 (hearsay); FRE 901 (authenticity). |
| 4 | DE 282-335 | DOC Investigation documents | Case in Chief | FRE 402 (relevance); FRE 403 (unfair prejudice, confusing the issues, misleading the jury, needless presentation of cumulative evidence); FRE 802 (hearsay). |
| 5 | DE 336-386 | Use of Force Directive | Case in Chief | FRE 402 (relevance); FRE 403 (unfair prejudice, confusing the issues, misleading the jury, wasting time); FRE 802 (hearsay). |
| 6 | DE 407-416 | Inmate Movement History Log (QHMOV) | Case in Chief | FRE 402 (relevance); FRE 403 (needless presentation of cumulative evidence); FRE 802 (hearsay). |
| 7 | DE 418 | Roll Call | Case in Chief | FRE 403 (needless presentation of cumulative evidence); FRE 802 (hearsay). |
| 8 | DE 609 | COD 24 Hour Report | Case in Chief | FRE 402 (relevance); FRE 403 (needless presentation of cumulative evidence); FRE 802 (hearsay). |
| 9 | DE 616-767 | Investigation Division Closing Report | Case in Chief | FRE 402 (relevance); FRE 403 (unfair prejudice, confusing the issues, misleading the jury, needless presentation of cumulative evidence); FRE 802 (hearsay). |

| 10 | IMG_1791.jpg to IMG_1810.jpg | Photos of plaintiff | Case in Chief | FRE 402 (relevance); FRE 403 (wasting time, needless presentation of cumulative evidence). |
|---|---|---|---|---|
| 11 | 1 Track 01 | Interview with Ricardo Martinez | Case in Chief | FRE 403 (unfair prejudice, wasting time, needless presentation of cumulative evidence); FRE 802 (hearsay). |
| 12 | P001-P149 | Bellevue Hospital Medical records of plaintiff | Case in Chief | FRE 402 (relevance); FRE 403 (unfair prejudice, needless presentation of cumulative evidence); FRE 802 (hearsay); FRE 901 (authenticity). |
| 13 | P150-197 | Elmhurst Hospital Medical records of plaintiff | Case in Chief | FRE 402 (relevance); FRE 403 (unfair prejudice, needless presentation of cumulative evidence); FRE 802 (hearsay); FRE 901 (authenticity). |
| 14 | | Deposition of C.O. Martinez | Impeachment | FRE 402 (relevance); FRE 403 (waste of time, needless presentation of cumulative evidence). |
| 15 | DEF 769 | Audio recording of plaintiff | Case In Chief or Rebuttal | FRE 403 (wasting time, needless presentation of cumulative evidence); FRE 802 (hearsay). |

Defendant's Exhibits[4]

| Exhibit No. | Bates No. | Doc Name/Type | Use | Objection and Basis |
|---|---|---|---|---|
| A | DE1-DE204 | Portions of Correctional Health Services medical records concerning source of injury & refusals of treatment | Case in Chief | |
| B | DE205-DE265; P150-197 | Portions of Elmhurst Hospital medical records concerning source of injury | Case in Chief | |
| C | DE266-DE281; P001-P149 | Portions of Bellevue Hospital medical records concerning source of injury | Case in Chief | |
| D | DE284-DE285 | Injury to Inmate Report, dated 9.1.14 | Case in Chief | |
| E | DE303 | Incident Report Form, dated 9.1.14, by CO Carpenter | Case in Chief | |
| F | DE305 | Inmate Voluntary Statement, dated 9.1.14, by Captain Diaz | Case in Chief | FRE 402 (relevance); FRE 403 (unfair prejudice, potential for jury confusion); FRE 802 (hearsay); FRE 901 (authenticity). |
| G | DE696-DE697 | Injury to Inmate Report, dated 10.30.14 | Case in Chief | |
| H | DE701 | Inmate Voluntary Statement, dated 10.31.14, by plaintiff | Case in Chief | |

---

[4] Defendant reserves the right to supplement their list of exhibits based on any *in limine* rulings or to rebut evidence adduced in plaintiff's case in chief or for impeachment purposes. Defendant further reserves the right to use and/or introduce into evidence any exhibits listed by plaintiff herein.

At this time, defendant does not have any rebuttal evidence he wishes to designate as rebuttal only.

| | | | | |
|---|---|---|---|---|
| I | | 9.1.14 Phone Recording referenced in ID Closing Report (to be produced, if available) | Impeachment Only | Plaintiff is not in possession of this document. FRE 402 (relevance); FRE 403 (unfair prejudice, potential for jury confusion); FRE 802 (hearsay); FRE 901 (authenticity). |
| J | DE615 | Audio Recorded Statement of Krishtian Lopez re: 5.5.13 Infraction | Impeachment Only | FRE 402 (relevance); FRE 403 (unfair prejudice, potential for jury confusion); FRE 802 (hearsay); FRE 901 (authenticity). |
| K | DE769 | Audio Recorded Statement of Krishtian Lopez re: underlying incident | Case in Chief | |
| L | DE689 (p. 1 of 2), DE695 (p. 2 of 2) | Letter dated 10.22.14 from Amy Rameau, Esq. to NYC DOC | Impeachment Only | FRE 402 (relevance); FRE 403 (unfair prejudice, potential for jury confusion); FRE 802 (hearsay); |
| M | | Notice of Claim dated 10.16.14 re: underlying incident | Impeachment Only | FRE 402 (relevance); FRE 403 (unfair prejudice, potential for jury confusion); FRE 802 (hearsay); |
| N | | Notice of Claim dated 5.1.15 by Krishtian Lopez | Impeachment Only | FRE 402 (relevance); FRE 403 (unfair prejudice, potential for jury confusion); FRE 802 (hearsay); |
| O | | Affidavit of Krishtian Lopez, dated 10.9.15 | Impeachment Only | FRE 402 (relevance); FRE 403 (unfair prejudice, potential for jury confusion); FRE 802 (hearsay); |
| P | | Second Affidavit of Krishtian Lopez, dated 11.20.15 | Impeachment Only | FRE 402 (relevance); FRE 403 (unfair prejudice, potential for jury confusion); FRE 802 (hearsay); |

| | | | | |
|---|---|---|---|---|
| Q | | Complaint, Dkt. 1 | Impeachment Only | FRE 402 (relevance); FRE 403 (unfair prejudice, potential for jury confusion); FRE 802 (hearsay); |
| R | | Amended Complaint, Dkt. 22 | Impeachment Only | FRE 402 (relevance); FRE 403 (unfair prejudice, potential for jury confusion); FRE 802 (hearsay); |
| S | | Second Amended Complaint, Dkt. 40 | Impeachment Only | FRE 402 (relevance); FRE 403 (unfair prejudice, potential for jury confusion); FRE 802 (hearsay); |
| T | DE774-DE789 | Criminal History Record Information Report pertaining to Krishtian Lopez | Impeachment Only | FRE 402 (relevance); FRE 403 (unfair prejudice, potential for jury confusion); FRE 404 (crimes or other acts); FRE 802 (hearsay); |
| U | DE417 | Plaintiff's Infraction History | Impeachment Only | FRE 402 (relevance); FRE 403 (unfair prejudice, potential for jury confusion); FRE 404 (crimes or other acts); FRE 802 (hearsay); |
| V | | Plaintiff's Arrest Reports for ##s K14674703, K13636400, K11701999 (to be produced) | Impeachment Only | Plaintiff has not seen these documents; FRE 402 (relevance); FRE 403 (unfair prejudice, potential for jury confusion); FRE 404 (crimes or other acts); FRE 802 (hearsay); |

| | | | | |
|---|---|---|---|---|
| W | | Plaintiff's parole records (to be produced) | Impeachment Only | Plaintiff has not seen these documents; FRE 402 (relevance); FRE 403 (unfair prejudice, potential for jury confusion); FRE 404 (crimes or other acts); FRE 802 (hearsay); |
| X | | Relevant Portions of Plaintiff's Deposition Transcript | Impeachment Only | |

Dated:      Brooklyn, New York

       December 16 , 2016

*[signature]*
Afsaan Saleem, Esq.

The Rameau Law Firm
Attorney for Plaintiff
16 Court Street, Suite 2504
Brooklyn, New York 11241
(718) 852-4759
saleemlawny@gmail.com
rameaulawny@gmail.com

*[signature]*
Jeffrey Loperfido, Esq.
Senior Counsel

Zachary A. Carter
Corporation Counsel of the
City of New York
Special Federal Litigation Division
100 Church Street
New York, NY 10007
(212) 356-2384
jloperfi@law.nyc.gov

SO ORDERED:

_____
HON. ANN M. DONNELLY, U.S.D.J.